RICARDO CRUZ,

        Plaintiff,

        v.        No. 5:16-cv-03665

WALMART SUPER CENTER,

        Defendant.

# **O P I N I O N**

### Defendant's Motion to Dismiss, ECF No. 8 – Granted

**Joseph F. Leeson, Jr.**         August 29, 2017
**United States District Judge**

## I.     Introduction

    This case involves a plaintiff, Ricardo Cruz, who claims that he was denied service by employees of a Wal-Mart store and that after he left the store, those employees called the police, which Cruz claims led to a hostile encounter with the police at his home. He blames Wal-Mart for the entire course of events, starting with the denial of service at the store and culminating in the aggressive police response at his home. Cruz's complaint does not reveal why the police were called, or why they responded to his home.

    Wal-Mart has moved to dismiss his complaint for failing to state a claim and for insufficient service.[1] Because Cruz has not sufficiently stated a claim under any of his theories of liability, his claims are dismissed. But because he may be able to cure certain of these deficiencies, he will be allowed leave to amend two of those claims.

## II.     Background

    According to Cruz, who is preceding pro se, the events of this case began when he sent photographs via the internet to a Wal-Mart store in Easton, Pennsylvania, to be printed. Compl. § III(B)-(C), ECF No. 5. When he arrived in person to pick up the prints, Cruz was told by a manager that the machine was "down." *Id.* § III(C). The manager of the photo processing department then asked Cruz for identification and took down his contact information. *Id.* After Cruz left, the manager called the police and provided them with Cruz's contact information. *Id.*

---

[1]     Counsel for Wal-Mart has since represented to this Court that Wal-Mart is willing to waive service. Accordingly, a waiver of the service of summons form will be mailed to counsel.

Later that day, Cruz's wife and daughter went to see if the photos were ready, but upon arrival, they were "taken to a room by police" where they were interrogated for an hour. *Id.*

Cruz claims that officers then "raided [his] home with shotguns." *Id.* § IV. He alleges they did not show their badges, state their names, or present a warrant or court order of any kind. He also claims that the officers "wanted to kill [his] two emotional support dogs[2] and nearly shot [his] son." *Id.* § IV. Cruz alleges that he is "100% disabled with bipolar schizo affective disorder and PTSD," and that he has a severe issue with his left shoulder, which was dislocated when the police handcuffed him. *Id.* § V.

Cruz claims that by "bringing the . . . police to [his] home[,] which nearly cost the lives of [his] son and [his] two dogs," Wal-Mart violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as his rights under Titles II and X of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 (ADA), and the "Consumer Protection Act."[3] *Id.* Wal-Mart has moved to dismiss each of these claims on the ground that Cruz did not properly serve his complaint, *see* Fed. R. Civ. P. 12(b)(5), and on the ground that none of these claims state plausible claims for relief, *see* Fed. R. Civ. P. 12(b)(6).

## III. Standard of Review — Failure to State a Claim

The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). This Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court subsequently laid out a two-part approach to reviewing a motion to dismiss under Rule 12(b)(6).

First, the Court observed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'" *Id.*; *Phillips*, 515 F.3d at 233 (quoting *Twombly*, 550 U.S. at 563 n.8).

---

[2] Elsewhere in his pleadings, Cruz describes them as his "security dogs." *See* ECF No. 5-1, at 1.
[3] The Court will assume that this reference is meant to invoke Pennsylvania's Uniform Trade Practices and Consumer Protection Law (UTPCPL). Cruz does not refer to the UTPCPL specifically in his complaint, but one of the attachments to his complaint does mention the statute by name. *See* ECF No. 5-2, at 5.

While Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," was "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing *Twombly*, 550 U.S. at 555)); *see* Fed. R. Civ. P. 8(a)(2). For "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips*, 515 F.3d at 232 (citing *Twombly*, 550 U.S. at 555 n.3).

Second, the Court emphasized, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 555). This is because Rule 8(a)(2) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" *See id.* (quoting Fed. R. Civ. P. 8(a)(2)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Detailed factual allegations" are not required, *id*. at 678 (quoting *Twombly*, 550 U.S. at 555), but a claim must be "nudged . . . across the line from conceivable to plausible," *id*. at 680 (quoting *Twombly*, 550 U.S. at 570).

"The plausibility standard is not akin to a 'probability requirement,'" but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557)).

### IV. Cruz has failed to state a plausible claim for relief.

### A. Cruz's Civil Rights Act claims are dismissed because his allegations do not establish that Title II is applicable to Wal-Mart.[4]

Title II of the Civil Rights Act of 1964 provides that "[a]ll persons shall be entitled to the full and equal enjoyment of . . . any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). Section 2000a(b) lists the types of facilities covered by the act. Specifically, section 2000a(b) names as public accommodations places that provide "lodging to transient guests," places "principally engaged in selling food," and places "of exhibition or entertainment." Additionally,

---

[4] Cruz also alleges a violation of Title X. However, this portion of the statute merely establishes the Community Relations Service and does not in itself provide a cause of action. *See* 42 U.S.C. § 2000g to g-3.

3

section 2000a(b)(4) extends the meaning of a public accommodation to any location which contains or is contained within one of the explicitly named types of establishments. For example, if a larger retailer contained within it a restaurant, the retailer would be considered a public accommodation.

Cruz's claim under Title II fails for two reasons. First, his Complaint asserts no allegation that the Wal-Mart in question contained within it one of the named public accommodations from section 2000a(b). Second, even if Cruz had alleged facts establishing the presence of a food vendor within Wal-Mart, his allegations would still be insufficient to state a claim. In order to state a valid claim under the statute, a plaintiff must demonstrate that he was denied "the full and equal enjoyment . . . of any place of public accommodation" because of his "race, color, religion, or national origin." 42 U.S.C. § 2000a(a). Cruz's Complaint makes no reference to having been denied or given unequal service due to his membership in one of those protected classes. Indeed, Cruz fails to even state that he is a member of a protected class under § 2000a. For these reasons, Cruz has failed to state a claim under 42 U.S.C. § 2000a.

While his claim is not sufficient as currently presented, the Court cannot say for certain that Cruz could not allege additional facts that may establish a valid claim. Accordingly, he will be afforded leave to file an amended complaint to address the above deficiencies. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (holding that a court should allow leave to amend a deficient complaint unless it would be inequitable or futile).

**B.    Cruz's constitutional claims are dismissed because Wal-Mart was not a state actor under the circumstances.**

It is well established that "conduct allegedly causing the deprivation of a federal [constitutional] right [must] be fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). The entity charged with such a deprivation "must be a person who may fairly be said to be a state actor," meaning that either the entity is a state official, the entity "has acted together with or has obtained significant aid from state officials," or the entity's "conduct is otherwise chargeable to the State." *Id*.

"[G]enerally merchants are not considered to be acting under color of law for the purposes of § 1983 when they detain a person suspected of . . . crimes, call the police, or make a citizen's arrest." *Caswell v. BJ's Wholesale Co.*, 5 F. Supp. 2d 312, 318 (E.D. Pa. 1998) (quoting *Jones v. Wal-Mart*, 22 F.3d 62, 1994 WL 387887, *1, *3 (10th Cir. 1994) (unpublished table opinion)). Instead, under circumstances such as these, "a store and its employees cannot be held liable under § 1983 unless (1) the police have a pre-arranged plan with the store; and (2) under the plan, the police will arrest anyone identified as a [wrongdoer] by the store without independently evaluating the presence of probable cause." *Cruz v. Donnelly*, 727 F.2d 79, 81 (3d Cir. 1984), *abrogated on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). "Merely calling the police, furnishing information to the police, or communicating with a state official does not rise to the level of joint

action necessary to transform a private entity into a state actor." *Cooper v. Muldoon*, No. 05-4780, 2016 WL 1117870, at *2 (E.D. Pa. April 26, 2006); *Caswell*, 5 F. Supp. 2d at 318 (concluding that merely reporting a potential crime to the police does not make a store a state actor).

Similar to *Caswell*, Cruz seeks to hold Wal-Mart liable merely because a manager of the store's photograph processing department set the events of this case in motion by "call[ing] . . . the Colonial Regional Police Department" after Cruz left the store. Moreover, Cruz's allegation that the police did not respond to his home until after they had spent an hour interrogating his wife and daughter belies the notion that Wal-Mart had the ability to "substitute [its] judgment for that of a state official or body" or that Wal-Mart was "drap[ed] . . . with the power of the state." *Donnelly*, 727 F.2d at 82. Thus, Cruz's constitutional claims fail. Allowing leave to amend would be futile and the claims are dismissed with prejudice. *See Crosby v. Harper*, No. 13-4446, 2013 U.S. Dist. LEXIS 182931, at *12-13 (E.D. Pa. Dec. 19, 2013) (finding that it would be futile to allow leave to amend because the "Complaint simply is devoid of any facts from which one could infer a violation of § 1983 by Wal-Mart").

**C.     Cruz's ADA claim is dismissed because the statute provides only for injunctive relief.**

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of . . . any place of public accommodation." 42 U.S.C. § 12182(a). Similar to Title II of the Civil Rights Act, the ADA also lists those places considered to be "public accommodations," but the ADA's definition of the term is broader. The ADA's definition includes a "bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," which clearly encompasses a store like Wal-Mart. 42 U.S.C. § 12181(7)(E). Despite this, on the merits, Cruz has failed to establish a claim under the ADA.

"[U]nder the section of the ADA prohibiting discrimination in public accommodations, private plaintiffs may not obtain monetary damages." *Solivan v. Valley Hous. Dev. Corp.*, No. 08-2722, 2009 WL 3763920, at *8 (E.D. Pa. Nov. 9, 2009). Instead, the only remedy available under the ADA is "[p]reventative relief." *Id*. Here, Cruz is solely requesting monetary damages in the amount of "one million dollars." Compl. § V. Cruz's ADA claim is therefore dismissed but without prejudice to his ability to reinstate the claim if he seeks a form of relief provided for by the statute.

**D.     Cruz's UTPCPL claim is dismissed because he did not suffer a loss because of a justifiable reliance on a deceptive act by Wal-Mart.**

The UTPCPL makes unlawful a number of "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 Pa. Stat. Ann. § 201-3. To establish a viable claim under the UTPCPL, a plaintiff must demonstrate "(1) a deceptive act that is likely to deceive a consumer acting reasonably under similar circumstances; (2) justifiable reliance; and (3) that the plaintiff's justifiable reliance caused ascertainable loss." *Hall v. Equifax*

5

*Info. Servs., LLC*, 204 F. Supp. 807, 810 (E.D. Pa. 2016) (citing *Slapikas v. First Am. Title Ins. Co.*, 298 F.R.D. 285, 292 (W.D. Pa. 2014). Additionally, to maintain a UTPCPL action, a defendant must have committed some malfeasance; a nonfeasance is not adequate to establish a claim. *Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995) (citing *Gordon v. Pa. Blue Shield*, 548 A.2d 600, 604 (Pa. Super. Ct. 1988)).

Cruz claims that Wal-Mart advertised via the internet that his photographs would be ready for pickup when he arrived at the store, but that when he went to the store to retrieve his prints, an employee informed him that the machine was broken and his prints were not ready. Following this, Wal-Mart allegedly called the police which led to a negative interaction between the authorities and Cruz at his home. Compl. III(C)-IV. Whether Cruz satisfies the first two elements of a viable UTPCPL claim is of no importance here, as he clearly has not demonstrated that he in any way suffered an "ascertainable loss" as a result of any "justifiable reliance." Hypothetically, Wal-Mart could have represented to Cruz that his photos would be ready at some specific time. Even if it had done so, and Cruz had relied on this representation, the harms Cruz alleges to have suffered are in no way traceable to the photos not having been prepared as advertised. Cruz claims he was subjected to an improper police interaction, which cannot be tied to Wal-Mart's inability to provide Cruz with his photos. Thus, Cruz's UTPCPL claim is dismissed with prejudice as no amendment could cure this deficiency.

## V.     Improper Service of Process

Aside from its challenges to the merits of Cruz's claims, Wal-Mart contends that it was not properly served. Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve a business association by either "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B), or by following state law, *see* Fed. R. Civ. P. 4(h)(1)(A) (citing Fed. R. Civ. P. 4(e)(1)). Pennsylvania law permits a plaintiff to serve a partnership by serving "the manager, clerk, or other person . . . in charge of any regular place of business or activity of the partnership," Pa. R. Civ P. 423, but, with a few exceptions not relevant here, service may be performed "only by the sheriff," Pa. R. Civ. P. 400(a).[5]

Cruz went to the Wal-Mart involved in this case and personally delivered process to one "Jennifer Campbell." Cruz did not provide a title or other description for Jennifer Campbell, but even if she were the store's manager, Campbell would not be authorized to receive service under Federal Rule 4. *See Cooney v. Barry Sch. of Law*, 994 F. Supp. 2d 268, 270 (E.D.N.Y. 2014) (explaining that "the phrase 'managing or general agent' does not refer to any agent of the corporation, but one who operates at its highest levels, or at least has overall authority to make high-level decisions on the part of the enterprise"). Under Pennsylvania law, a store manager would be capable of accepting service as a "manager . . . in charge of any regular place of

---

[5] Wal-Mart represents in its briefing that it is a Limited Partnership and not a corporation. *See* Def.'s Mot. Dismiss, ECF No. 8.

business." But because the Pennsylvania rules provide that only a sheriff may complete service, Cruz's personal delivery of process to Campbell would not suffice. Therefore, he did not properly effectuate service under either set of rules.

While "pro se plaintiffs must adhere to the rules of procedure," even if "service of process was insufficient, [the court] may afford plaintiff another opportunity to attempt service in the event any of plaintiff's claims survive the motion to dismiss." *Daoud v. City of Wilmington*, 894 F. Supp. 2d 544, 551-552 (D. Del. 2012) (citing *McNeil v. United States*, 508 U.S. 106 (1993)). Because Cruz will be afforded an opportunity to file an amended complaint to address certain deficiencies that the Court has identified, the Complaint will not be dismissed for improper service. Further, this Court has since been advised by counsel for Wal-Mart that it is willing to waive service. Accordingly, a waiver of the service of summons form will be mailed to counsel on Cruz's behalf. Wal-Mart should note that a "fail[ure], without good cause, to sign and return a waiver" can lead to the imposition of costs of service. *See* Fed. R. Civ. P. 4(d)(2).

## VI. Conclusion

Cruz has failed to state a claim upon which relief can be granted, but he will be afforded leave to amend his Title II and ADA claims. Additionally, although Wal-Mart is correct that it was not properly served, the matter will not be dismissed on this basis. Rather, the Clerk of Court will be directed to send a waiver of service request on Cruz's behalf, which counsel for Wal-Mart has agreed to sign. An appropriate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge